**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GRANT FOOD MART, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:17-CV-00836** |
| | § | |
| | § | |
| | § | |
| **CRUM & FORSTER INDEMNITY** | § | |
| **COMPANY AND DAVID ELTON KLAUS** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Crum & Forster Indemnity Company ("CFIC") in Cause No. 2017CI13662, pending in the 45th District Court of Bexar County, Texas, files this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the Court the following:

### I.        FACTUAL BACKGROUND

1.1     On or about July 27, 2017, Grant Food Mart, Inc. ("Grant" or "Plaintiff") filed its Original Petition in the matter styled *Grant Food Mart, Inc. v. Crum & Forster Indemnity Company and David Elton Klaus*; Cause No. 2017Cl13662 pending in the 45th Judicial District Court in Bexar County, Texas alleging breach of contract and requesting declaratory relief to support its assertion that it is entitled to defense and indemnity under insuring agreements with CFIC.

1.2     Plaintiff served Klaus and CFIC with its Original Petition on or about September 1, 2017.  CFIC filed its Answer on August 24, 2017, as did Defendant David Elton Klaus.

1.3     Defendants file this timely Notice of Removal within thirty (30) days of receiving service of process and citation. *See* 28 U.S.C. §1446(b).

## II.     BASIS FOR REMOVAL

2.1     Defendants file this notice of removal within thirty (30) days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one (1) year of the commencement of this action.  *See id.*

2.2     Plaintiff alleges that David Elton Klaus is the adjuster who investigated, reported on and adjusted the loss in this matter.  That is not the case as Mr. Klaus did not perform any work on this claim.  Moreover, Plaintiff fails to allege any specific facts that establish a valid cause of action against Klaus. Although Klaus is a Texas citizen and resident, Plaintiff has not asserted a single allegation of any act performed by Klaus himself; instead, Plaintiff recites a few sentences of vague and untrue factual allegations that barely reference Klaus as a defendant. Such generic allegations are insufficient to state a potential right to relief against Klaus. As such, Klaus has been improperly joined in an effort to defeat diversity of citizenship.

2.3     A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal. *See Gonzales v. Homeland Ins. Co. of New York*, 2011 WL 3104104 at *2 (S.D. Tex. Jul. 25, 2011). "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."  *Id.*, *quoting Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir.2006)).

2.4     Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Klaus, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

2.5     Therefore, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     *The Parties Are Diverse.*

2.6     Plaintiff Grant Food Mart, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business in Bexar County, Texas.

2.7     Defendant Crum & Forster Indemnity Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.

2.8     Because Plaintiff is a citizen of Texas, Defendant Crum & Forster Indemnity Company is a citizen of Delaware and New Jersey, and because Defendant Klaus has been improperly joined, complete diversity of citizenship exists among the parties.

### B.     *The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.*

2.9     In determining the amount in controversy, the court may consider "policy limits...penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the

potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.10    This is a civil action in which the amount in controversy exceeds $75,000.00.

2.11    In addition to declaratory relief, Plaintiff has specifically pled that it is seeking relief in an amount in excess of $1,000,000.  *See* Plaintiff's Orig. Pet. at pp.2.

2.12    This evidence demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements of $75,000.00.

### III.    THE REMOVAL WAS PROCEDURALLY CORRECT

3.1    Defendants were served with Plaintiff's Original Petition and process on August 1, 2017.   This notice of removal is filed within the thirty (30) day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Defendants file this Notice.

## **CONCLUSION**

Based upon the foregoing, Crum & Forster Indemnity Company and David Elton Klaus hereby remove this case to this Court for trial and determination and for all such other relief, both general or special, in law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: Rodrigo "Diego" Garcia
        Rodrigo "Diego" Garcia
        State Bar No. 00793778
        Christopher H. Avery
        State Bar No. 24069321
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8388
Facsimile: (713) 403-8299
Dgarcia@thompsoncoe.com
Cavery@thompsoncoe.com

COUNSEL FOR DEFENDANTS CRUM &
FORSTER INDEMNITY COMPANY AND
DAVID ELTON KLAUS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 30th day of August 2017, a true and correct copy of this document was served on all known counsel of record in accordance with the Texas Rules of Civil Procedure.

Marc E. Gravely
mgravely@gplawfirm.com
Jonathan C. Lisenby
jlisenby@gplawfirm.com
GRAVELY & PEARSON, LLP
425 Soledad, Suite 600
San Antonio, Texas 78205

s/Christopher H. Avery
Christopher H. Avery